

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

**Signed March 05, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | CASE NO. 12-30847-SGJ-11 |
| **SHREE-HARI, INC. d/b/a MOTEL 6** § | |
| § | CHAPTER 11 |
| Debtor. § | |

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
UNDER 11 U.S.C. § 1129 CONFIRMING
<u>DEBTOR'S FIFTH AMENDED PLAN OF REORGANIZATION</u>

WHEREAS, on July 20, 2012, Shree-Hari, Inc. d/b/a Motel 6 (the "Debtor")[1], debtor and debtor-in-possession in the above-referenced case, filed the *Debtor's Plan of Reorganization* [Docket No. 93] and the *Disclosure Statement in Support of Debtor's Plan of Reorganization* [Docket No. 94]; and

WHEREAS, on October 30, 2012, the Debtor filed the *Debtor's First Amended Plan of Reorganization* [Docket No. 124] and the *First Amended Disclosure Statement in Support of*

---

[1] All defined terms not defined herein shall have the meanings ascribed to them in the Debtor's Fifth Amended Plan of Reorganization.

*Debtor's Plan of Reorganization* [Docket No. 125]; and

WHEREAS, on November 13, 2012, the Debtor filed the *Debtor's Second Amended Plan of Reorganization* [Docket No. 137] and the *Second Amended Disclosure Statement in Support of Debtor's Plan of Reorganization* [Docket No. 138]; and

WHEREAS, on December 4, 2012, the Debtor filed the *Debtor's Third Amended Plan of Reorganization* [Docket No. 143] and the *Third Amended Disclosure Statement in Support of Debtor's Plan of Reorganization* (the "Disclosure Statement") [Docket No. 144]; and

WHEREAS, on December 10, 2012, this Court entered the *Order Approving Debtor's Disclosure Statement, Setting Confirmation Hearing, and Fixing Time for Filing Acceptances and Rejections of Debtor's Plan of Reorganization* ("Pre-Confirmation Procedures Order") [Docket No. 146]; and

WHEREAS, on December 11, 2012, and in accordance with the Pre-Confirmation Procedures Order, the Debtor caused the Pre-Confirmation Procedures Order, Ballot, Disclosure Statement and Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes for the Debtor; and

WHEREAS, on January 10, 2013, the Debtor filed the *Debtor's Fourth Amended Plan of Reorganization* [Docket No. 162]; and

WHEREAS, on January 28, 2013, Pinnacle Bank filed the *Notice of Filing of Rule 11 Agreement* (the "Rule 11 Agreement") [Docket No. 181]; and

WHEREAS, on January 29, 2013, the hearing on confirmation of the Plan commenced and was continued until February 7, 2013; and

WHEREAS, on February 27, 2013, the Debtor filed the *Debtor's Fifth Amended Plan of Reorganization* (the "Plan") [Docket No. 197]; and

WHEREAS, the Debtor, at the continued hearing on the confirmation of the Plan, held on February 28, 2013, provided the Court with a tabulation of the votes submitted by the holders of all Classes of Claims (the "Voting Tabulation"); and

WHEREAS, all objections to the Plan were resolved; and

WHEREAS, pursuant to Bankruptcy Code Section 1128(a), the Court held a continued hearing on February 28, 2013 (the "Confirmation Hearing"), which hearing was to consider confirmation of the Plan; and

WHEREAS, at the Confirmation Hearing the testimony of Ketan Bhakta was offered in support of the Plan; and

NOW THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence offered or adduced at the hearing, any declarations, pleadings, briefs, memoranda and other submissions filed in connection therewith, and the arguments and announcements of counsel made at the hearing, or any prior hearings); and (iii) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**[2]

1. <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has exclusive jurisdiction to determine

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S FIFTH AMENDED PLAN OF REORGANIZATION - Page 3**

whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Burden of Proof</u>. The Debtor has the burden of proving the elements of Bankruptcy Code Sections 1129(a) by a preponderance of the evidence.

3. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice of the Pre-Confirmation Procedures Order, the Disclosure Statement, the Plan, the Ballot, and the Confirmation Hearing, along with deadline to accept or reject the Plan and the deadline to object to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Code and/or the Bankruptcy Rules, including, but not limited to, Fed. R. Bankr. P. 2002 and 3017, and the procedures set forth in the Pre-Confirmation Procedures Order and further orders of the Court.

4. <u>Solicitation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Pre-Confirmation Procedures Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

5. <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code Section 1125.

6. <u>Distribution</u>.  All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

7. <u>Impaired Classes Have Voted to Accept the Plan</u>.  As evidenced by the record established at the Confirmation Hearing, which, *inter alia*, sets forth the voting results on the Plan, impaired Classes have voted to accept the Plan in accordance with the requirements of Sections 1124, 1126 and 1129(a)(10) of the Bankruptcy Code.

8. <u>Modifications To The Plan</u>.  The modifications and amendments in the Plan set forth on the record at the Confirmation Hearing, or made by this Confirmation Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications.  Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under Bankruptcy Code Section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of claims not accepting such modifications be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case.  Accordingly, pursuant to Bankruptcy Code Section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

9. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>.  The Plan complies with any and all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).  The following constitute additional findings by

the Court regarding compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; provided, however, that the omission or exclusion of a specific finding herein does not constitute a finding that the Debtor has not complied with any and all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

a. <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates seven (7) Classes of Claims (Classes 1, 2, 3.1, 3.2, and 4-6) against the Debtor. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code Section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

b. <u>Specification of Classes Not Impaired under the Plan 11 U.S.C. § 1123(a)(2)</u>. Article III of the Plan specifies any class of claims or interests that is not impaired under the Plan. The Plan satisfies Bankruptcy Code Section 1123(a)(2).

c. <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>. Article V of the Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code Section 1123(a)(3).

d. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code Section 1123(a)(4).

e. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan. Pursuant to section 1123(a)(5) of the Bankruptcy Code, Article 6.1 provides for the sale of New Equity Interests in the Debtor through an auction process. Article 6.3 provides that the Reorganized Debtor shall continue operating the hotel Property following the Effective Date, and shall be required to dedicate sufficient revenues to fund all obligations contained in the Plan. Further, Article 6.4 provides that the entry of the Confirmation Order shall constitute authorization for the Reorganized Debtor to take any

actions necessary to implement the Plan. Thus, Section 1123(a)(5) of the Bankruptcy Code is satisfied. Other articles of the Plan provide means for implementation of the Plan as well. For example, Article VII provides for auction and bid procedures for the sale of New Equity Interests, Article VIII provides for the treatment of executory contracts and unexpired leases; Article IX provides for the resolution of undetermined claims, Article X provides for distribution procedures and Article XI provides for modifications to the plan, Article XII provides for the continuing jurisdiction over matters arising out of or related to this Chapter 11 Case and the Plan.

    f.   <u>Charter of the Debtor—11 U.S.C. § 1123(a)(6)</u>. Section 6.4 of the Plan satisfies Section 1123(a)(6) by providing for the inclusion in the Debtor's charter a provision prohibiting the issuance of nonvoting equity securities, and providing, as to any classes of securities possessing voting power, an appropriate distribution of such power among such classes, including adequate provisions for the election of directors in the event of default in the payment of dividends.

    g.   <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>. The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management in Section 6.3 of the Plan, stating that upon the Effective Date, the Reorganized Debtor will be managed by an individual appointed or elected by the Auction Winner, which may or may not include Mr. Ketan Bhakta, thereby satisfying Bankruptcy Code Section 1123(a)(7).

    h.   <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

10.   <u>Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)</u>. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

11.   <u>Plan Injunction – Fed. R. Bankr. P. 3016(c) and 3016(f)</u>. The Plan satisfies Bankruptcy Rule 3016(c) by describing in specific and conspicuous language all acts to be enjoined and identifying the entities that would be subject to the Plan injunction. There are no entities that would be subject to the injunction that are not Creditors or Equity Interest holders, therefore Fed. R. Bankr. P. 3016(f) is inapplicable.

12. <u>The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2). Specifically, the Debtor offered the testimony of Ketan Bhakta, the Debtor's general manager who is familiar with the Debtor's books and records and its day-to-day operations.

13. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

14. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code Section 1129(a)(4).

15. <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>. The Debtor has complied with Bankruptcy Code Section 1129(a)(5) by disclosing, as possible, the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Reorganized Debtor.

16. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan. Thus, Bankruptcy Code Section 1129(a)(6) is not applicable in this Chapter 11 Case.

17. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code Section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or offered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

18. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code Sections 1129(a)(9)(A) and (C).

19. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code Section 1129(a)(10).

20. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of Section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization.

21. <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code Section 1129(a)(12).

22. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code Section 1129(a)(13) is not applicable to the Debtor.

23. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. Article VI of the Plan provides for the sale of New Equity Interests in the Reorganized Debtor in accordance with applicable non-bankruptcy law, thus satisfying Bankruptcy Code Section 1129(a)(16).

24. <u>11 U.S.C. § 1129(b)</u>. At least one impaired class has voted to accept the Plan, and the Plan does not discriminate unfairly as it is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. Therefore, the "cramdown" provisions of 11 U.S.C. § 1129(b) have been met. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

25. <u>Notice of Assumption of Leases</u>. Based on the record, and the representations of the counsel at the Confirmation Hearing, each entity whose lease is to be assumed pursuant to this Order, has been given adequate notice of the Debtor's intent to assume such leases.

26. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Section 1129.

27. <u>Objections</u>. All timely objections to the Plan were withdrawn, settled, or overruled.

**DECREES**

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1. <u>Confirmation of the Plan</u>. The Plan, which consists of the Plan and modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is approved and confirmed under Bankruptcy Code Section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2. <u>Objections</u>. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3. <u>Approval of Plan Modifications</u>. The modifications, if any, set forth on the record in the Plan are approved. The Plan, as so modified, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

4. <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs,

successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

5. <u>Releases and Exculpation</u>. The releases and exculpation provisions set forth in Article XIV of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Plan.

6. <u>Injunction Against Interference with the Plan</u>. Pursuant to Article 14.9 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

7. <u>Temporary Injunctive Relief</u>. Section 14.9 of the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code. Section 14.9 provides specifically,

> Except as provided herein, on and after the Confirmation Date, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Section 105 of the Code from taking any action to correct or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan. The discharge granted by this Plan voids any judgment at any time obtained with respect to any debt discharged.

These provisions are set forth herein in satisfaction of Bankruptcy Rule 3020(e).

8. <u>Plan Implementation Authorization</u>. Pursuant to Article 6.5 of the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on or before the Effective Date, unless an earlier date is provided for in a particular document under the Plan.

9. <u>Binding Effect</u>. On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the (a) Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

10. <u>State Court Lawsuit</u>. Nothing contained in the Plan or this Confirmation Order shall stay, affect or in any way prejudice the rights of Pinnacle Bank, any guarantor parties, any other defendants or co-defendants, counter-claimants, cross-claimants, and/or third parties, present or future (other than the Debtor/Reorganized Debtor), with regard to the State Court Lawsuit. All such parties shall retain all rights unaffected with respect to the State Court Lawsuit, including without limitation, any claims any party to the State Court Lawsuit may now or hereafter assert against any other party. The allowance of Pinnacle Bank's claim as against the Debtor or any agreed (for purposes of the Plan) valuation of the Collateral shall not prejudice, impair or affect any right, claim or defense by Pinnacle Bank, any guarantor party, any defendants, co-defendants, counterclaimants, cross-claimants and/or third parties (excluding the Debtor) in connection with the State Court Lawsuit. Without limiting the generality of the foregoing, sections 14.6, 14.7 and 14.9 of the Plan do not discharge or enjoin, 1) any claim by Pinnacle Bank against any alleged guarantor of the Pinnacle Note, or 2) any claim asserted by or against any party in the State Court Lawsuit, past or present, other than the Debtor/Reorganized Debtor.

11. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article 8.1 of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be assumed on the ninety-first (91st) day after the Confirmation Date, unless such executory contract or unexpired lease has been previously rejected, or is subject to a pending motion to assume as of the Confirmation Date. Specifically, the franchise and license agreement the Debtor has with G6 Hospitality f//k/a Accor Franchising North America, LLC. is assumed as of the Effective Date per Article 6.8 of the Plan.

12. <u>Rejection Damage Claims</u>. Pursuant to Article 8.3 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

13. <u>Reservation of Rights Regarding Executory Contracts and Unexpired Leases</u>: Pursuant to 8.4 of the Plan, the Debtor has the right to file applications for the assumption or rejection of any executory contract or unexpired lease at any time prior to ninety (90) days after the Confirmation Date.

14. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

15. <u>Exemption from Certain Taxes</u>.  Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp tax, transfer tax, or similar tax.

16. <u>Late-Filed Claims</u>.  All claims subject to and filed after the Bar Date are hereby disallowed.

17. <u>Resolution of Claims</u>.  Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan.  All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains.   Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

18. <u>Payment of Fees</u>.  All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date.

19. <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

20. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code Sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XII of the Plan.

21. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

22. <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

23. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

24. <u>Inconsistency</u>. Except as set forth in paragraph 5.3.16 of the Plan, in the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. Except with respect to the treatment of Pinnacle in paragraphs 5.2 and 5.3 of the Plan, in the event of any express inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

25. <u>Enforceability</u>. Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

26. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

27. <u>Administrative and Professional Fee Claims</u>. The deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order. Any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to Sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed. If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Plan and this Order.

PREPARED AND SUBMITTED BY:

/s/ Christina W. Stephenson
Rakhee V. Patel
Texas Bar No. 00797213
Christina W. Stephenson
Texas Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: (214) 658-6500
Facsimile: (214) 658-6509

**ATTORNEYS FOR DEBTOR and
DEBTOR-IN-POSSESSION**